United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Rosemarie C. Wade and Christine R. Estep, Plaintiffs<br><br>v.<br><br>Town of Jupiter, Frank Kitzerow, Aaron Scanlan, Edward M. DeJesus, and Edwards Air Enterprise, LLC, Defendant | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 14-80253-Civ-Scola<br>)<br>)<br>)<br>)<br>) |

## **Order On Non-Governmental Defendants' Motions To Dismiss**

According to Rosemarie Wade and Christine Estep, this civil-rights lawsuit began with a bad breakup. In 2008, Estep and Edward DeJesus began dating. Soon after, Estep began working at DeJesus's air-conditioner company, Edwards Air Enterprise. Then Estep's mother, Rosemarie Wade, joined the company as a bookkeeper and officer manager for Edwards Air Enterprise. By 2012, Estep and DeJesus were engaged to be married. But during the summer of 2012, their relationship came to a bitter end.

Seeking vengeance because of the breakup, DeJesus contacted the Jupiter Police Department in August 2012 and falsely accused Wade and Estep of embezzling money from Edwards Air Enterprise. The Jupiter Police Department deployed Officer Aaron Scanlan to Edwards Air Enterprise to investigate the allegations. According to the Amended Complaint, upon meeting, DeJesus and Scanlan formed a wicked alliance.

In exchange for falsely charging and prosecuting Wade and Estep for embezzlement, DeJesus agreed to hire one of Scanlan's friends to work at Edwards Air Enterprise and also offered "economic benefit[s]" to Scanlan. (Am. Compl. ¶30, ECF No. 20.) In February 2013, based on false affidavits and fraudulently produced evidence, both Wade and Estep were arrested. Scanlan let DeJesus know when the arrests were going to be made so that DeJesus could be present outside Estep's home to watch his nefarious plan unfold. Although Scanlan presented the case against Wade and Estep to the State Attorney's Office, the criminal charges against Wade and Estep were ultimately dismissed in May 2013.

Of course, this is just one side of this story—Wade and Estep's side. But when "evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). Both

DeJesus and Edwards Air Enterprise have moved to dismiss the claims against them.  As explained below, there is no basis to dismiss these claims.

### 1. Count 1 (Malicious Prosecution against DeJesus, Edwards Air Enterprise, and Scanlan)

DeJesus and Edwards Air Enterprise assert that the malicious-prosecution claim against them must be dismissed.  They concede that Wade and Estep have adequately plead the usual elements of a malicious-prosecution claim.  But they assert that they are entitled to a qualified privilege and that Wade and Estep's complaint does not allege enough to overcome this qualified privilege.  They are wrong.

Under Florida law, statements made to a police officer in reporting a crime are qualifiedly privileged.  *Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992).  That means that the person making the statements is not liable for defamation unless the statements were "intentionally false and malicious."  *Id.* (explaining that to overcome the qualified privilege the statements must be "false and uttered with common law express malice—*i.e.*, that the defendant's primary motive in making the statements was the intent to injure the reputation of the plaintiff).

In this case, Wade and Estep have alleged that DeJesus and Edwards Air Enterprise filed false police reports against them.  They've also alleged that DeJesus and Edwards Air Enterprise conspired with and bribed a police officer in order to ensure that Wade and Estep were not just investigated but also arrested and prosecuted for the fraudulent charges. (Am. Compl. ¶¶21, 29, 30, & 66, ECF No. 20.)  Finally, Wade and Estep have alleged that the false criminal charges were made "maliciously and malevolently from hatred and spite." (*Id.* ¶66.)  These allegations are more than sufficient to overcome the qualified privilege asserted by DeJesus and Edwards Air Enterprise.  This qualified privilege may not even apply to a claim for malicious prosecution.  *Olson v. Johnson*, 961 So. 2d 356, 360-61 (Fla. 2d DCA 2007) (explaining that the qualified privilege applicable in a defamation case does not apply in a malicious prosecution case).  DeJesus and Edwards Air Enterprise's argument that New York's common-interest privilege applies in Florida is wholly unconvincing.  They have not cited to a single relevant case to suggest that Florida has adopted this doctrine.

### 2. Count 3 (Intentional Infliction of Emotional Distress against DeJesus, Edwards Air Enterprise, and Scanlan)

Under Florida law, to state a claim for intentional infliction of emotional distress, a plaintiff must show:  (1) deliberate or reckless infliction of mental

suffering; (2) outrageous conduct; (3) that the conduct caused emotional distress; and (4) that the distress was severe. *Nettles v. City of Leesburg Police Dep't*, 415 F. App'x. 116 (11th Cir. 2010) (quoting *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990). "Outrageous" conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 810 (11th Cir. 2011).

DeJesus and Edwards Air Enterprise argue that the allegations in this case do not rise to the level of outrageousness required to state a claim for intentional infliction of emotional distress. In support, they cite several cases where companies accused people of stealing, and where a court later determined that those accusations (some accurate and some mistaken) were not actionable through an intentional-infliction-of-emotional-distress claim. (Mot. Dismiss 7–13, ECF No. 22.)

The allegations made by Wade and Estep, if proven true, are outrageous. This is not a case where the Defendants just reported a crime, either accurately or mistakenly. Rather, this case deals with allegations of a campaign of fraud perpetrated by DeJesus and Edwards Air Enterprise. (*See, e.g.*, Am. Compl. ¶¶21, 29, 30, & 66, ECF No. 20.) More than just reporting a crime, they corrupted a public official as part of their scheme, and orchestrated the production of false evidence and the destruction of true evidence of criminal activity. (*Id.* ¶¶77–84.) And all of this behavior was allegedly motivated by DeJesus's anger, spite, and ill will directed at his ex-fiancée.

The Court recognizes the every-growing body of case law declaring a wide-range of factual scenarios not sufficiently stating a case for intentional infliction of emotional distress. But the Florida Supreme Court has not yet laid this cause of action to rest. This case presents the type of behavior—based on the allegations—that meets the outrageousness standard required to state a claim for intentional infliction of emotional distress.

### 3. Conclusion

For the reasons articulated above, the Court **denies** DeJesus's and Edwards Air Enterprise's Motion to Dismiss (ECF No. 22). DeJesus's and Edwards Air Enterprise's responses to the Amended Complaint are due by December 5, 2014.

**Done and ordered**, in chambers at Miami, Florida, on November 21, 2014.

Robert N. Scola, Jr.
United States District Judge